IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-cv-00185-BR

| | |
|---|---|
| ANNJEANETTE GILLIS, et al., ) | |
| ) | **DEFENDANT MURPHY-BROWN LLC'S** |
| Plaintiffs, ) | **MEMORANDUM IN SUPPORT OF ITS** |
| ) | **MOTION IN LIMINE TO EXCLUDE** |
| v. ) | **GROWER-RELATED EVIDENCE** |
| ) | |
| MURPHY-BROWN, LLC, ) | Fed. R. Evid. 401, 402, 403 |
| ) | |
| Defendant. ) | |

Defendant Murphy-Brown LLC ("Murphy-Brown") moves this Court to exclude all contract grower-related and contract-farm related evidence from the upcoming trial in this case. In their Proposed Pretrial Order, Plaintiffs Kim Newton, Connie Newton, Kiron Newton, Elsie Maynor, Lottie Fowler, William Murphy, Edna Murphy, and Roberto Murphy (the "Fourth Trial Plaintiffs") have designated deposition testimony and numerous exhibits that solely concern Murphy-Brown's relationship with contract growers on farms not at issue. (Doc. 91.) These materials are not relevant because Murphy-Brown directly owns the Sholar Farm; no contract growers are involved in this case at all. *See* Fed. R. Evid. 401, 402 (defining relevance and providing that only relevant evidence is admissible). Regardless, this Court should exclude all grower-related evidence anyway because it risks substantial unfair prejudice to Murphy-Brown, will confuse and mislead the jury, and unnecessarily waste time. *See* Fed. R. Evid. 403.

**I.  Grower-related evidence is completely irrelevant because Murphy-Brown directly owns the Sholar Farm at issue in this case.**

"To be admissible, evidence must be relevant." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014); *see also United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005) ("It is elementary that, for evidence to be admissible, it must be relevant to an issue being

tried."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. To be relevant, evidence must "help[] the trier of fact to understand the evidence or to determine a fact in issue." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quotation marks omitted).

Evidence about Murphy-Brown's relationship with its contract growers is irrelevant to this case because Murphy-Brown directly owns the Sholar Farm. Grower evidence concerns other farms not at issue and thus does not make it more or less probable that the activity at the Sholar Farm "unreasonably invaded or interfered with the plaintiff's use and enjoyment of the plaintiff's property." *Elliott v. Muehlbach*, 173 N.C. App. 709, 711–12, 620 S.E.2d 266, 269 (2005) (citing *Watts v. Pama Mfg. Co.*, 256 N.C. 611, 618, 124 S.E.2d 809, 814 (1962)). For example, issues such as Murphy-Brown's degree of control over its contract growers, the content of grower contracts, and grower pay, all have absolutely nothing to do with the nuisance analysis. Similarly, evidence of incidents at contract farms, such as a spill or permit violation, has nothing to do with any injury allegedly suffered by any of the Fourth Trial Plaintiffs. Such evidence arguably shows (at most) that contract growers on *other* farms might be mismanaging those farms. But that possibility has no bearing on whether Murphy-Brown properly runs the Sholar Farm, which uses no contract growers. *See, e.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 665 (7th Cir. 2002) (holding that the fact that fifty trucks of different models caught on fire does not make it more likely that the defendant should have known earlier of similar problems with the truck at issue); *Anderson v. Malloy*, 700 F.2d 1208, 1211 (8th Cir. 1983) (holding that the fact that apartment complex next door was a "breeding ground for crime" does not make it more likely that motel defendant was negligent in protecting guests).

The Court, accordingly, should exclude all grower-related evidence in this case. This includes all of John Sargent's testimony, which exclusively concerns contract growers, and portions of Gregg Schmidt's testimony. (*See generally* Ex. 1, Sargent Dep.; *see also* Ex. 2, Schmidt Dep. Tr. 110:24–111:2, 157:1–157:5, 178:7–179:21, 183:15–184:12, 185:7–185:17.) This also includes numerous exhibits, listed in the attached chart, that deal solely with contract growers. (*See* Ex. 3.)

Plaintiffs will likely argue that the grower evidence concerning other farms is still relevant because it goes to Murphy-Brown's "notice" of problems at those farms that create nuisance conditions. That argument fails for reasons fully described in Murphy-Brown's Motion in Limine to Exclude Evidence of Insufficiently Similar Studies, Articles, and Other Acts. (*See* Doc. 115.) Where a plaintiff seeks to introduce evidence of prior events to prove notice, the plaintiff must show that the events are "sufficiently similar to make the defendant aware of the dangerous situation." *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1386 (4th Cir. 1995). To meet this similarity requirement, the Fourth Trial Plaintiffs must show that their notice evidence involves Murphy-Brown (the Defendant), Sholar Farm or (at a minimum) farms having the same number and type of swine, barn design, waste management system, land application technologies, mortality management, and general management structure. Merely being a "swine farm" is not good enough for notice purposes. *See Benedi*, 66 F.3d at 1386. Yet that is the only basis on which the Fourth Trial Plaintiffs can rest their sufficient similarity arguments, because evidence from other farms managed by contract growers does not concern Sholar Farm or any of its relevant features (to name a few, the type and number of swine housed, barn design, waste management system, land application method employed, and—most importantly—its management structure). The local weather conditions typically present in the vicinity of the farm

and the particular backgrounds, experiences, and conditions of the Fourth Trial Plaintiffs also materially differ. This Court should, therefore, exclude grower-related evidence concerning other farms not at issue.

Likewise, to the extent the Fourth Trial Plaintiffs intend to introduce pictures from contract farms of dirty or floating pigs, for example, the Court should exclude this evidence too for the reasons full described in Murphy-Brown's Motion in Limine to Exclude Certain Photographs and Videos. (*See* Doc. 104)

## II. Even if relevant, the grower-related evidence warrants exclusion anyway under Rule 403 because it will cause Murphy-Brown undue prejudice, mislead and confuse the jury, and unnecessarily waste time.

Although relevant evidence is presumptively admissible, the Court should exclude such evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Weighing probative value requires a trial court to "assess the proponent's need for admission of the evidence in the full evidentiary context of the case." *Carnell Const. Corp. v. Danville Redev. & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014). "After evaluating the marginal probative value of the proposed evidence, the trial court then must balance the value of the evidence against the harmful consequences that may result from its admission. Foremost among those dangers is the risk of 'unfair prejudice.'" *Id.*

"Unfair prejudice" refers to "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988); *see also United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990). The Court should exclude evidence under Rule 403 "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *PBM Prod.,*

*LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (quotation marks and ellipsis omitted). The Court should likewise exclude evidence if it would otherwise "distract[] the jury from its principal purpose," or is cumulative. *United States v. Zayyad*, 741 F.3d 452, 462 (4th Cir. 2014).

Even if relevant, the grower-related evidence still warrants exclusion under Rule 403. For example, evidence about operational issues at contract farms would mislead the jury into believing that it describes potential problems at the Sholar Farm, forming a false basis for liability and exciting the emotions of the jury. Moreover, certain grower evidence—particularly evidence about purportedly low pay—would also invite the jury to impermissibly punish (via punitive damages) conduct other than the conduct that harmed Fourth Trial Plaintiffs, in violation of the Due Process Clause. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23 (2003). Such evidence could also easily triple the length of trial, causing undue delay and wasting time, because it will necessitate Murphy-Brown's response disputing that evidence. This collateral battle over grower and contract farm evidence will further confuse and mislead the jury, distracting them from the proper nuisance analysis concerning the Sholar Farm. *See Ellis v. International Playtex, Inc.*, 745 F.2d 292, 305 (4th Cir. 1984) (affirming exclusion of other consumer complaints about product at issue because, even if relevant to notice, introducing complaints would invite battle over the complaints' merits and thus unduly prolong trial).

## **CONCLUSION**

For these reasons, Murphy-Brown respectfully requests that this Court grant Murphy-Brown's Motion in Limine to Exclude Grower-Related Evidence, enter the proposed Order attached as Exhibit 1 to that Motion, and grant all further relief that this Court deems appropriate.

Respectfully submitted,

/s/ Mark E. Anderson
Mark E. Anderson (N.C. Bar No. 15764)
MCGUIREWOODS LLP
434 Fayetteville St., Suite 2600
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Facsimile: (919) 755-6699
Email: manderson@mcguirewoods.com

Eugene E. Mathews III (Va. Bar No. 36384)
Tennille J. Checkovich (Va. Bar No. 68028)
(*Both By Special Appearance*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
Email: mmathews@mcguirewoods.com
          tcheckovich@mcguirewoods.com

*Attorneys for Murphy-Brown LLC*

| | |
|---|---|
| ANNJEANETTE GILLIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MURPHY-BROWN, LLC, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Mark E. Anderson, do hereby certify that on July 17, 2018, I caused a true and correct copy of the above and foregoing **MURPHY-BROWN LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMIMINE TO EXCLUDE GROWER-RELATED EVIDENCE** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys indicated on the NEF, including counsel for Plaintiffs.

Respectfully submitted,

/s/ Mark E. Anderson
Mark E. Anderson (N.C. Bar No. 15764)
McGuireWoods LLP
434 Fayetteville St., Suite 2600
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Facsimile: (919) 755-6699
Email: manderson@mcguirewoods.com

*Attorney for Murphy-Brown LLC*