**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**No. 7:14-cv-00185-BR**

| | | |
|---|---|---|
| **ANNJEANETTE GILLIS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Fed. R. Civ. P. 26(e) and 37(c)** |
| | ) | |
| **MURPHY-BROWN, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE LATE-DISCLOSED WITNESSES AND EVIDENCE

Plaintiffs submit their brief in support of their motion for an order precluding use of late-disclosed witnesses. This brief is limited to five pages pursuant to the Order at Doc. 71.

As has already been confirmed by Defendant in its own prior motions, the Scheduling Order in these bellwether cases set the timing for fact discovery: "The April 11 Order further specified that *all* fact discovery was to be completed by October 31, 2016." (*McKiver*, Doc. 126, p. 4, italic emphasis in original). The April 11, 2016 Scheduling Order in these cases specified that all fact discovery was to be completed by October 31, 2016. *See* Order in the master case dated April 11, 2016, Doc. 96-1 ("Fact discovery shall close on Monday, October 31, 2016."); and Orders dated October 19, 2016, Doc. 215; and stipulation dated December 22, 2016, Doc. 262 (setting out additional deadlines).

The parties are now well past the discovery period and in the midst of the trial phase of these cases. Fact discovery in these five cases which are now being tried in groups closed on October 31, 2016. However, Defendant has sought to insert into the Pretrial Order in this case various witnesses and exhibit materials that were not timely provided or disclosed in discovery.

1

Plaintiffs' discovery requests include the following Interrogatories:

**Interrogatory No. 3.** **Identify (including without limitation name, address, and phone number) each person likely to have discoverable information – along with the subjects of that information—that you may use to support your contentions, denials or defenses, unless the use would be solely for impeachment.**

**Interrogatory No. 5.** **Identify by name, address, and telephone number all persons whom you intend to call as witnesses at trial.**

(See Ex. 1 to the motion). After failing to name the relevant persons in responses to this discovery, Defendant now lists them shortly before trial in its pretrial disclosures.

They include people of whom Defendant knew long ago and there is no reason why Defendant could only just now disclose them. They include company employees, former employees, or the contract employees retained for the odor monitoring of Pamela Dalton. Because of their association with the Defendant or with Defendant's retained expert, they are all potential witnesses *of whom Defendant knew* long before now.

Other late-named objectionable witnesses were known by Defendant to work at various government agencies or at N.C. State University. Defendant could and should have timely and properly designated these witnesses during the discovery period ending October 31, 2016.

Nor did Defendant name these individuals in its fact witness disclosure dated June 3, 2016 or its supplemental fact witness disclosure dated August 31, 2016. (Exs. 2 & 3 to motion). And, the sizeable number of witnesses who were disclosed reflects that it was prejudicial for the Defendant to hold back other names. Plaintiffs were already significantly burdened with discovery just as to the witnesses whose names the Defendant did produce, and now, it seeks belatedly to list others and have them testify at trial without being disclosed earlier.

Rule 37(c) provides for automatic exclusion when there is failure to make disclosure or to supplement discovery in a timely manner, barring use at trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. …

Fed. R. Civ. P. 37(c)(1). By operation of that rule, the exclusion is automatic -- the burden is not on the Plaintiffs to file this motion to exclude the use of the untimely evidence, but rather it is on the Defendant to show cause why the rule of exclusion should not be applied.

The purpose of Rule 26 and its disclosure requirements is to allow litigants "to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 396 (4th Cir. 2014). If "the opposing party tries to name as a trial witness a person not identified in the initial disclosure, supplemented as necessary—the court has adequate means to prevent prejudice or unfair surprise." *D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 54 (D.D.C. 2008).

District courts have "broad discretion" in determining whether a party's untimely disclosure of evidence is substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)); *see also Bresler v. Wilmington Trust Co.,* 855 F.3d 178, 190 (4th Cir. 2017). In making this determination, district courts are guided by the factors of "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States*, 318 F.3d at 597.

The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified. Defendant cannot carry its burden. Rule 26(a)(1) "requires … the disclosure of the names and addresses of fact witnesses.…" *Tribble v.*

*Evangelides*, 670 F.3d 753, 759-60 (7ᵗʰ Cir. 2012). The subject witnesses should be excluded, just as this Court has excluded evidence and witnesses in the past where the disclosure practices were unfair and untimely. *See Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, 2012 WL 1596722 (E.D.N.C. May 7, 2012), where this Court excluded a party's "non-expert-based damages evidence pursuant to Rule 37(c)(1)." 2012 U.S. Dist. LEXIS 63707, *20-21. The Court noted that "SK's disclosure of a new damages computation more than two years after the close of discovery and approximately one week before trial would surprise and prejudice Epic." *Id.* Likewise, in our case, trial is imminent. As in the Silicon Knights case, "[d]iscovery … is long closed, and the … trial date is nigh." *Id.* at *22-23.

In the *Artis* case, the Plaintiffs were forced to file a similar motion in order to exclude late witnesses. The Court excluded the witnesses, holding: "It is paramount in this case, where interrelated cases are scheduled for trial in coming months that deadlines are met." (*Artis*, Order at p. 2, Doc. 152). The Court recognized that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*

Plaintiffs ask the Court to exclude the testimony of these new witnesses at trial. Defendant cannot provide justification for its untimely disclosure. The prejudice to Plaintiffs cannot be cured. Plaintiffs have not been afforded the opportunity to explore these facts in a timely, organized manner before trial.

Defendant also designated Exhibit 551 called "June 7, 2018 Petition." (Ex. 5 to the motion). The document is merely the written statement of two of Defendant's late-designated witnesses, Doug and Marsha Pierson, plus neighbor signatures on another statement of the same date. The

document would be responsive to interrogatories 9 and 10, but is only now provided. It purports to give the Piersons' opinions over "the past 26 years," yet was only produced now. There is no reason the information could have been provided earlier.

Nor were these individuals timely identified in the discovery responses. These are not neighbors, but individuals that live 30 to 40 miles away from the Sholar CAFO which is the subject of the *Gillis* matter.

Likewise, the second document included in the Exhibit, a June 7, 2018 "To whom it may concern" letter signed by various persons, again was not produced earlier; contains information going back "25 years" which could have been provided earlier; and lists neighbors who were not disclosed during timely discovery either, and who are not actually in whole or part members of the Sholar neighborhood.

Defendant should not be permitted to use either these witnesses or their statements. Not only were the documents provided late, but the information includes hearsay. Defendant cannot meet the *Southern States* factors to avoid Rule 37 exclusion.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant their Motion.

Respectfully submitted this 17th day of July, 2018.

Counsel for Plaintiffs:    s/John Hughes

Mona Lisa Wallace
N.C. State Bar No. 9021
John Hughes
N.C. State Bar No. 22126
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Phone: 704-633-5244
Fax: 704-633-9434
mwallace@wallacegraham.com
jhughes@wallacegraham.com

Michael Kaeske
Texas State Bar No. 00794061
Lynn Bradshaw
Texas State Bar No. 02834500
Eric Manchin
Texas State Bar No. 24013094
(*All By Special Appearance*)
Kaeske Law Firm
1301 W. 25th Street, Suite 406
Austin, Texas 78705
Telephone: (512) 366-7300
Facsimile: 1(877) 826-1221
Email: mkaeske@kaeskelaw.com
Email: lbradshaw@kaeskelaw.com
Email: emanchin@kaeskelaw.com
*By Special Appearance*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 17th day of July, 2018, I served this document via CM/ECF electronic filing system which will effectuate service on every counsel of record.

This the 17th day of July, 2018.

By: s/John Hughes
Mona Lisa Wallace
N.C. State Bar No. 9021
John Hughes
N.C. State Bar No. 22126
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Phone: 704-633-5244
Fax: 704-633-9434
mwallace@wallacegraham.com
jhughes@wallacegraham.com
