IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-185-BR

| | | |
|---|---|---|
| ANNJEANETTE GILLIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the following motions: Defendant's Motion to Exclude or Limit Testimony of Dr. Merchant (DE # 72); Defendant's Motion to Exclude or Limit the Expert Testimony of Dr. Thomas N. Hubbard (DE # 74); Defendant's Motion in Limine to Exclude Expert Testimony of Kendall Thu, Ph.D. (DE # 76); Defendant's Motion in Limine to Exclude or Limit Expert Testimony of Shane Rogers, Ph.D. (DE # 80); Plaintiffs' Omnibus Motion to Exclude or Limit Defense Experts' Opinions at Trial (DE # 82). Responses have been filed to these motions. (DE ## 94, 95.)

In the related cases of <u>McKiver v. Murphy-Brown, LLC</u>, No. 7:14-CV-180, <u>McGowan v. Murphy Brown, LLC</u>, No. 7:14-CV-182-BR, and <u>Artis v. Murphy-Brown, LLC</u>, No. 7:14-CV-237-BR, the parties filed similar, if not virtually identical, motions to the motions now before the court. The legal arguments pertaining to each motion are largely the same. While there are factual differences in the cases, those differences do not change the court's analysis. Accordingly, the court adopts its prior rulings as follows.

1) Defendant's motion to exclude or limit the testimony of Dr. Merchant is ALLOWED IN PART and DENIED IN PART.  Dr. Merchant may not testify as to: complaint-driven systems; occupational exposures; defendant's knowledge of community health effects studies; corporate responsibility; and warnings.  Dr. Merchant may, however, testify as to the *state* of knowledge regarding community health effects studies as shown by pertinent scientific studies and literature.

2) Defendant's motion to exclude or limit the expert testimony of Dr. Thomas N. Hubbard is ALLOWED IN PART and DENIED IN PART.  Dr. Hubbard cannot refer to exports to China specifically, although he may refer to foreign exports. As to defendant's organizational structure, Dr. Hubbard may refer to the fact that defendant's grandparent corporation is Chinese or otherwise a foreign entity, but that fact cannot be emphasized.

3) Defendant's motion in limine to exclude the expert testimony of Kendall Thu, Ph.D. is ALLOWED subject to the court's ruling on any motion plaintiffs file to permit his non-cumulative testimony regarding scientific and industry knowledge.

4) Defendant's motion in limine to exclude or limit expert testimony of Shane Rogers, Ph.D. is DENIED.  Counsel may raise an objection to questions that will call for Dr. Rogers to testify outside of the area(s) of his expertise.

5) By their omnibus motion, plaintiffs move to exclude or limit the opinions of the majority of defendant's designated expert witnesses.

    a) As to Pamela Dalton, the motion is ALLOWED such that Dr. Dalton may not testify about the odor monitoring study and her opinion regarding the lack of odor nuisance and DENIED as to the unreliability of self-report of odor, the biology of olfaction, and factors that influence individual perception of and response to odor.

b) As to Jennifer Clancy, the motion is ALLOWED such that Dr. Clancy may not testify regarding her opinion that "Dr. Rogers has erroneously concluded that Murphy-Brown farms are the source of significant odors and harmful pollutants impacting the lives of the plaintiffs," and other opinions supporting defendant's case-in-chief, and DENIED as to her rebuttal opinions regarding Pig2Bac as an indicator of pig fecal DNA and Dr. Rogers' sampling analysis and methodology.

c) As to Todd See, the motion is DENIED WITHOUT PREJUDICE.

d) As to the other defense experts (William Kreutzberger, Roger Waldon, Richard Houseman, Nicholas Piggott, Keith Ramsey, Herman Gibb), the court's ruling is HELD IN ABEYANCE.

This 20 July 2018.

_____
W. Earl Britt
Senior U.S. District Judge