UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO: 7:14-CV-185-BR

ANNJEANETTE GILLIS, et al.,

    Plaintiffs,

v.      **MEMORANDUM OPINION AND ORDER**

MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

    Defendant.

Pending before the court are several motions related to the testimony of Dr. Shane Rogers. In the related cases of McKiver v. Murphy-Brown, LLC, Civil Action No. 7:14-180-BR, McGowan v. Murphy-Brown, LLC, Civil Action No. 7:14-182-BR, and Artis v. Murphy-Brown, LLC, Civil Action No. 7:14-237-BR, the court denied identical and/or similar motions. For the reasons previously placed on the record in those cases and as more fully expressed below, the following motions are **DENIED**.

    A.    *Defendant's motion in limine to exclude certain testimony about limitations on Dr. Rogers' Site Inspections. (ECF No. 96).*

Murphy-Brown filed a similar motion in Artis v. Murphy-Brown, LLC, Civil Action No. 7:14-237-BR, which the court denied. See ECF No. 171 at 2. Specifically, the Artis court held:

> Before trial, the court cannot determine what
> questions plaintiffs' counsel intends to ask Dr.
> Rogers and what Dr. Rogers will answer based upon
> what he believes to be limitations on the site
> inspection.  The court expects plaintiffs' counsel
> to accurately characterize any limitation imposed
> on a site inspection.  If defense counsel
> disagrees with the characterization, an objection
> can be lodged at the time of the question.
> Further, defendant may use the court's order
> regarding site visits for cross examination of the
> witness.  Defendant's motion is **DENIED**.

<u>Id.</u> at 2.  The court adopts the foregoing ruling in <u>Artis</u> in its entirety and, like the court in <u>Artis</u>, the court hereby fully expects plaintiffs' counsel to accurately characterize the parameters of the site inspection.  To that end, the court has closely examined the court's order regarding site visits and the parties' agreement for that purpose.  Finally, the court has also examined Dr. Rogers' testimony in <u>McKiver</u> so that it is aware of the line of questioning that prompted the instant motion.

> B.   *Defendant's motion in limine to exclude evidence of alternative technologies used at swine farms in other states. (ECF No. 97).*

In its latest version of this motion, defendant "moves to exclude all argument, testimony, or evidence at trial regarding the use of farming technologies at swine farms outside of North Carolina unless and until Plaintiffs establish a sufficient foundation to demonstrate that any such technologies could be used successfully to reduce or eliminate any alleged nuisance caused by the Sholar Farm."  ECF No. 97 at p.2.  According to defendant, this motion is necessary because while it had argued in the

2

previous cases "that such evidence was irrelevant and prejudicial[,]" it has since "clarified its argument" to posit that "Plaintiffs cannot meet their burden to establish that this evidence is relevant." Id. This argument is without merit.

In order to prevail on their nuisance claims, plaintiffs in this case must prove that defendant substantially and unreasonably interfered with the plaintiffs' use and enjoyment of their property. "Substantial interference is unreasonable if a person of ordinary prudence and discretion would consider it excessive or inappropriate after giving due consideration to the interest of the plaintiff, the interest of the defendant and the interest of the community." Jury Instructions in McKiver v. Murphy-Brown, LLC, Civil Action No. 7:14-180-BR (ECF No. 262 at 11); McGowan v. Murphy-Brown, LLC, Civil Action No. 7:14-182-BR (ECF No. 281 at 11). It seems clear to the court that the existence and/or availability of alternative technologies that are able to minimize defendant's interference with plaintiffs' use and enjoyment of their properties would be relevant to the reasonableness of defendant's alleged substantial interference.

According to Murphy-Brown, plaintiffs "lack any foundation showing that such technologies could be implemented successfully to eliminate any alleged nuisance caused by Sholar Farm." ECF No. 97 at p.2. In support of that argument, they point exclusively to

3

the testimony of Dr. Rogers.  See id. at pp. 4-5.[1]  However, in his expert report, see Case 7:14-cv-00180-BR, ECF No. 328-15 at p.40, Dr. Rogers opines that "[t]here are a suite of things that Smithfield could do to substantially reduce odor and other harmful pollutants emanating from the anaerobic manure lagoons at the subject CAFOs that they are not doing ranging from management changes to replacement with proven and sustainable environmentally superior treatment technologies for swine waste manure treatment."  Dr. Rogers goes on to list a number of alternative measures that, in his expert opinion, would reduce odor and other perceived complaints.  See id. at pp. 40-45.

This matter comes before the court as a motion in limine, not a Daubert challenge.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise. . . ."  In the three prior trials, the court found that Dr. Rogers was qualified to testify as an "expert in the field of environmental engineering, animal waste management engineering and technology, and microbiology."  See, e.g., McKiver v. Murphy-Brown, LLC, Civil Action No. 7:14-180-BR (ECF No. 286 at 24); McGowan v. Murphy-Brown, LLC, Civil Action No. 7:14-182-BR

---

[1] Given this, the court does not discuss any other "evidence" of alternative technologies.

(ECF No. 295 at 23).  The court having so found, Dr. Rogers is qualified to offer the opinions about which defendant now objects.

Without doubt, defendant's motion highlights a number of valid objections to Dr. Rogers' expert opinion regarding the use of alternative technologies.  However, Murphy-Brown's challenges go more to the weight of Dr. Rogers' testimony than to its admissibility.  Furthermore, the court believes that those perceived weaknesses are better exposed by "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [as they] are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 595; see also Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) ("The court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct.").[2]

---

[2] For example, Murphy-Brown bemoans Dr. Rogers' lack of hands-on testing as support for its motion.  However, while that contention is certainly fair game for cross-examination, it does not necessarily lead to the exclusion of Dr. Rogers' opinion. See, e.g., Whitaker v. Hyundai Motor Co., Case No. 7:17-cv-00055, 2018 WL 4926309, *4 (W.D. Va. Oct. 10, 2018) (holding that objection to expert's "lack of testing goes to the weight, rather than the admissibility" of the testimony); Reynolds v. Crown Equip. Corp., Civil Action No. 5:07CV00018, 2008 WL 2465032, *15 (W.D. Va. June 16, 2008) ("[A]n expert's failure to specifically test his theories may go to the weight of his testimony rather than to its admissibility."); McCoy v. Whirlpool Corp., Nos. Civ.A 02-2064-KHV, Civ.A. 02-2229-KHV, Civ.A 02-2230-KHV, Civ.A. 02-2231-KHV, 2003 WL 1923016, *3 (D. Kan. Apr. 21, 2003) (recognizing that "independent testing is not the *sine qua non* of admissibility under Daubert").

As the notes to Rule 702 make clear, "rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note to 2000 amendments. As one court put it, "[b]asically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable. The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 969-70 (9th Cir. 2013). For all of these reasons, Murphy-Brown's criticisms of Dr. Rogers' opinions do not serve as a basis for the exclusion of his testimony.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 24th day of October, 2018.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge