IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE No. 7:14-cv-000185-BR

ANNJEANETTE GILLIS, et al.,

    Plaintiffs,

v.                              MEMORANDUM OPINION AND ORDER

MURPHY-BROWN, LLC, d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

    Defendant.

Pending before the court is defendant's motion in Limine for a Jury View. (ECF No. 112). The defendant raised the same motion in the cases of McKiver v. Murphy-Brown, LLC, Civil Matter No. 7:14-180-BR; McGowan v. Murphy-Brown, LLC, Civil Matter No. 7:14-182-BR; and Artis v. Murphy Brown, LLC, Civil Matter No. 7:14-237-BR. In all of these cases, the court denied the defendant's motion.[1] For the reasons set forth in the

---

[1] A district court may deny a party's request for a jury view if the court believes it would be "time consuming, difficult to control, and ... [un]necessary in order for the jury to fully appreciate the case." Kelley v. Wegman's Food Markets, Inc., 98 F. App'x 102, 105 (3d Cir.2004). Furthermore, a court may deny a party's request for a jury view where the other evidence admitted is sufficient otherwise without the jury view. Id. (upholding denial of a jury view where numerous photographs and reports and relevant testimony were allowed into evidence); United States v. Passos-Paternina, 918 F.2d 979, 986 (1st Cir.1990)(upholding the denial of a request for a jury view of a ship where there was sufficient testimonial evidence about the vessel); United States v. Triplett, 195 F.3d 990, 999 (8th Cir.1999)(upholding the denial of a jury view where the trial

court's prior orders on this motion, the defendant's motion for a Jury View is **DENIED**.

The Clerk is directed to send copies of this Order to all counsel of record.

IT IS SO ORDERED this 5th of November, 2018.

        **ENTER:**

        _David A. Faber_
        David A. Faber
        Senior United States District Judge

---

evidence included photographs and diagrams of the sites of the defendant's arrests in addition to testimony concerning the circumstances and conditions at those locations at the relevant times); Hametner v. Villena, 361 F.2d 445, 446 (9th Cir.1966) (upholding denial where the evidence included photographs and a surveyor's diagram of the scene, and the requested jury view, "with its attendant delay and inconvenience, was unnecessary and unwarranted").