```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    SOUTHERN DIVISION
                CASE No. 7:14-cv-000185-BR
```

**ANNJEANETTE GILLIS, et al.,**

    **Plaintiffs,**

**v.**                                             **MEMORANDUM OPINION AND ORDER**

**MURPHY-BROWN, LLC, d/b/a**
**SMITHFIELD HOG PRODUCTION**
**DIVISION,**

    **Defendant.**

Pending before the court is plaintiff's motion in Limine to Exclude Evidence of Insufficiently Similar Studies, Articles, and Other Acts. (ECF No. 114). The defendant raised a similar motion in McGowan v. Murphy-Brown, LLC, Civil Matter No. 7:14-182-BR; and Artis v. Murphy Brown, LLC, Civil Matter No. 7:14-237-BR. The court denied this motion in the above-mentioned cases.

In its memorandum in support of its motion, the defendant argues that allowing evidence of studies, newspaper articles, contract-grower materials and related document for demonstrating the defendant's "notice" is improper as they are allegedly irrelevant, unfairly prejudicial, and cumulative. (See ECF No. 115). Plaintiffs claim these documents show that Murphy-Brown had notice that its operations were reasonably likely to result

in injury, damages, or other harm, justifying respondent superior liability and the imposition of punitive damages.

For the reasons stated below, the defendant's motion to Exclude Evidence of Insufficiently Similar Studies, Articles, and Other Acts Purportedly Relevant to Notice" is **GRANTED**.

The defendant's memorandum in support of its motion, cited the following case law to supports its argument:

> Where a plaintiff seeks to introduce evidence of prior events to prove notice, the plaintiff must show that the events are "sufficiently similar to make the defendant aware of the dangerous situation." Benedi v. McNeil-P.P.C., Inc., 66 F.3d 1378 (4th Cir. 1995) [. . .] "The rationale behind these 'similarity' requirements is that other incident evidence has significant potential to be highly prejudicial, as well as to consume time and distract the jury to focus on collateral matters." Yates [v. Ford Motor Co., No. 5:12-CV-752-FL] 2015, WL 3463559, at *7. Sufficient similarity has been found where other events involve the same defendants as in the current case, involve the same tort-causing instrumentality as in the current case, the specific tort-causing instrumentality causes the alleged harm under conditions proven by the current plaintiff to be like those giving rise to the tort alleged by the current plaintiff; and the specific injury resulting from the alleged harm is suffered under conditions proven by the current plaintiff to be like those alleged by the current plaintiff. See Benedi, 66 F.3d at 1386 [. . .].

The defendant also points out that the Eastern District of North Carolina, specifically in the case of Staton v. Nucor Steel Hertford, No. 4:04-CV-47-FL, 2005 WL 6218141, at *10, has also required that such evidence be close in time to

the alleged tort-causing activity to outweigh the prejudicial effect of such testimony.

The defendant specifically points out that none of the studies or documents involve the Sholar Farm or Murphy-Brown's activities in connection with that farm, or even farms that house the same number of swine, with the same waste management, barn design, land application technologies, and mortality system as the Sholar Farm. Furthermore, the defendant highlights that none of the documents involve the same plaintiffs or individuals that are similarly situated geographically. Finally, the defendant points out that none of the articles were written within the last 10 years. Thus, the defendant argues that because the materials the plaintiff seeks to admit into evidence are not substantially related to the parties in the case nor the farming operation and because they are from the 1990s and early 2000s[1], they are dissimilar from the plaintiff's other acts evidence.

The defendant's argument raises valid points that the admittance of these insufficiently similar studies and articles would likely confuse the issues and be more

---

[1] The defendant argues that material from this time period is irrelevant because "there have been changes to swine farms [. . .] that make them dissimilar from the [plaintiff's] other acts evidence.

prejudicial than probative.  Therefore, based upon the foregoing, the defendant's motion to Exclude Evidence of Insufficiently Similar Studies, Articles, and Other Acts Purportedly Relevant to "Notice" should be **GRANTED.**

The Clerk is directed to send copies of this Order to all counsel of record.

IT IS SO ORDERED this 6th day of November, 2018.

**ENTER:**

David A. Faber
Senior United States District Judge