# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# CASE No. 7:14-cv-000185-BR

**ANNJEANETTE GILLIS, et al.,**

    Plaintiffs,

v.

**MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION,**

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's Motion in Limine to Exclude Grower-Related Evidence. (ECF No. 118). Specifically, the defendant seeks to exclude all contract grower-related and contract-farm related evidence. For the reasons set forth below, the court **GRANTS** the defendant's Motion in Limine to Exclude Grower-Related Evidence.

In support of its motion, the defendant argues that grower-related evidence is not relevant because Murphy-Brown directly owns Sholar Farms and no contract growers are involved in this case. The defendant further argues that admitting this evidence will risk unfair prejudice to Murphy-Brown, will confuse and mislead the jury, and will unnecessarily waste time. The plaintiffs have filed a memorandum in opposition to the defendant's motion. (ECF No. 147).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Although relevant evidence is presumptively admissible, the court should exclude such evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the plaintiffs bring this lawsuit based upon their allegation that Murphy-Brown has created a nuisance to them through its operation of Sholar Farms. The plaintiffs brought in contract grower-related and contract-farm related evidence in the prior three related cases of McKiver v. Murphy-Brown, LLC, Civil Matter No. 7:14-180-BR; McGowan v. Murphy-Brown, LLC, Civil Matter No. 7:14-182-BR; and Artis v. Murphy Brown, LLC, Civil Matter No. 7:14-237-BR. In those cases, however, the farms that were alleged to be a nuisance were in a contractual relationship with Murphy-Brown to keep and to grow the animals. In the present case, unlike the prior cases, there is not a contractual relationship between Murphy-Brown and Sholar Farms. Sholar Farms is owned and operated by Murphy-Brown, LLC. Therefore, the language and implications of the contracts

2

governing the defendant's relationships with growers of other farms is not relevant to this case.

Thus, under the Rule 401 relevancy standard, the court finds that the contract grower-related and contract-farm related evidence would not make the facts surrounding the underlying allegation of nuisance more or less probable.  Furthermore, the evidence sought to be excluded by the defendant is not consequential in determining this action.  Therefore, the contract grower-related and contract-farm related evidence is not relevant.  Because evidence that is irrelevant cannot be admitted, the court does not need to conduct a Rule 403 analysis.  See Fed. R. Evid. 402 ("irrelevant evidence is not admissible").  For these reasons, the court **GRANTS** defendant's Motion in Limine to Exclude Grower-Related Evidence.

The Clerk is directed to send copies of this Order to all counsel of record.

IT IS SO ORDERED this 6th of November, 2018.

       **ENTER:**

       *David A. Faber*
       David A. Faber
       Senior United States District Judge