```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NORTH CAROLINA
                           SOUTHERN DIVISION

                       CASE NO: 7:14-CV-185-BR
```

**ANNJEANETTE GILLIS, et al.,**

     Plaintiffs,

v.                                                                      **MEMORANDUM OPINION AND ORDER**

**MURPHY-BROWN, LLC d/b/a**
**SMITHFIELD HOG PRODUCTION**
**DIVISION,**

     Defendant.

     Pending before the court is defendant's motion in limine to exclude evidence pertaining to Missouri litigation matters. (ECF No. 93). For reasons expressed more fully below, that motion is **GRANTED** as described more fully herein.

## Background

     In 1999 and 2002, the State of Missouri filed Petitions against Premium Standard Farms ("PSF") related to various environmental problems arising out of PSF's use of anaerobic lagoons for waste-handling on swine farms in Missouri. See ECF Nos. 93-5 and 93-7. PSF settled the litigation with the State of Missouri and entered into Consent Judgments in 1999 and 2004. See id. PSF was acquired by Murphy-Brown LLC ("Murphy-Brown") in 2007 and Murphy-Brown assumed PSF's responsibilities under the Consent Judgments.

In the instant motion, Murphy-Brown seeks to exclude any evidence related to the Missouri litigation including testimony, argument, documents, statements, or admissions. Plaintiffs oppose the motion, arguing that "[d]efendant claims that there is no odor problem, and hog operations using lagoons and sprayers do not cause odor to neighbors, that there are no new technologies that can assist, and that any that exist are not feasible. The substantive terms and provisions associated with the proceedings in Missouri and the facts regarding the company's actions, which are public, are relevant and probative on knowledge and notice, on the existence of feasible upgrades, and on the subject of credibility." ECF No. 190 at p. 19 in Case No. 7:14-cv-00182-BR.

## **Analysis**

According to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Rule 402 provides that relevant evidence is admissible unless otherwise stated. Fed. R. Evid. 402.

The court finds that evidence related to Missouri litigation regarding hog farming is of questionable relevance to this private nuisance claim arising out of hog farming operations in North Carolina. This is especially true of evidence that predates Murphy-Brown's acquisition of PSF in 2007. While there

2

might be "nuggets" of relevant evidence buried in the documents related to that litigation--such as alleged feasible alternative technologies[1]--that evidence is overwhelmed by the irrelevant evidence. In sum, the court is not persuaded that the Missouri litigation is sufficiently similar to this case such that it is relevant and, therefore, introduction of such evidence would unduly prolong this trial because Murphy-Brown would have to expend significant time exposing that lack of similarity. See, e.g., United States v. Hill, 322 F.3d 301, 306 (4th Cir. 2003) (affirming a trial court's exclusion of evidence of another transaction and lawsuit which "would have necessitated an exhaustive case within a case"); Smith v. E-backgroundchecks.com, Inc., Civil Action No. 1:13-cv-02658-RGV, 2015 WL 11233453, *2 (N.D. Ga. June 4, 2015) ("Even if plaintiff could demonstrate some probative value from allegations in other lawsuits, presenting evidence of these other cases would lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating plaintiff's claims in this case and result in a waste of time and judicial resources.").

---

[1] As the court noted at the hearing on October 30, 2018, evidence of alternative technologies can be offered without relying on the Missouri litigation. For example, plaintiffs could question Dr. Mike Williams, who was involved with North Carolina's Smithfield Agreement, about his knowledge of Next Generation Technology implemented in Missouri without highlighting the fact that it arose out of litigation against PSF.

In addition, the court finds little merit in plaintiffs' argument that evidence of the Missouri litigation is relevant to show defendant's notice that the Sholar Farm created a nuisance. "[T]he issue of `notice' cannot be used by counsel to `bootstrap' in evidence of other lawsuits." Estate of Tobin ex rel. Tobin v. Smithkline Beecham Pharm., Civil No. 00-CV-0025-Bea, 2001 WL 36102165, *1 (D. Wyo. May 18, 2001) ("Correspondingly, evidence of other lawsuits cannot be used as a method to compel the defendant to admit that it has or had notice or knowledge that Paxil was allegedly dangerous."). First, the Missouri litigation was an enforcement action by the State of Missouri not a private nuisance action. Second, Missouri is not North Carolina. Therefore, just because PSF's hog farming operations might have been found to cause an odor control problem in Missouri does not necessarily lead to the conclusion that operation of the Sholar Farm necessarily created a nuisance for the plaintiffs in this case. See Palmer v. Board of Regents of the University System of Georgia, 208 F.3d 969, 973 (11th Cir. 2000) ("[W]e do not find any merit to [plaintiff]'s argument that the district court abused its discretion in excluding evidence of the existence of the other lawsuits against [defendant]. The complaints that she sought to introduce involved different decision-makers, different departments, and different hiring processes.").

Plaintiffs have also argued that the Missouri litigation is relevant to the issue of defendant's credibility. For example, in the McGowan case, plaintiffs made much of the fact that Kraig Westerbeek, Vice President of Environmental Compliance and Support Operations for Murphy-Brown, claimed to have "never smelled offensive hog odor over the fence line." ECF No. 190 at 7 in Case No. 7:14-cv-00182-BR. The court assumes that Mr. Westerbeek was talking about one of the farms in North Carolina. Therefore, the fact that a 2010 Consent Judgment arising out of the Missouri litigation states that "Odor has also proven to be the most challenging aspect of not only the Consent Judgment process, but one of the greatest challenges for Concentrated Animal Feeding Operations nationwide" does not necessarily call into question Westerbeek's credibility regarding whether he himself has smelled "offensive hog odor" on a farm in North Carolina. See, e.g., Nelson v. City of Chicago, 810 F.3d 1061, 1068 (7th Cir. 2016) (rejecting trial court's decision to allow evidence of plaintiff's prior arrests where plaintiff "never made any factual statements that could be contradicted by evidence of his prior arrests. To use the example initially posited by the judge, he did not testify that he `never had any encounter with the police before.' Nor did he make any remotely similar claim on the witness stand.").

In any event, Federal Rule of Evidence 403 allows for the exclusion of relevant evidence if the "probative value is

5

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The court has no trouble concluding that admission of the Missouri litigation would unfairly prejudice Murphy-Brown, confuse the issues in this case, potentially mislead the jury, and that the probative value of that evidence is substantially outweighed for those reasons. The danger of allowing evidence of other lawsuits is obvious--a jury might be tempted into punishing a defendant for behavior for which it is not on trial. See Nelson, 810 F.3d at 1072 (holding that admission of evidence of other lawsuits was not harmless error where the evidence of "other lawsuits went to the heart of the defense theory of the case"); Buonanoma v. Sierra Pacific Power Co., No. 3:04-cv-0077-LRH-VPC, 2010 WL 3724254, *5 (D. Nev. Sept. 16, 2010) ("Introducing evidence of other lawsuits against [defendant] could unfairly bias the jury against SPPC for discriminatory acts that did not take place in this case and confuse the jury into thinking it could hold SPPC liable in this action for alleged wrongs in other actions."). A court recently highlighted the risks involved in admitting evidence of other litigation:

> [Plaintiff] seeks to use the New York litigation as a sword in the same way that United seeks to use the Board of Pharmacy proceedings. This the Court will not permit. The New York litigation ended in a settlement with no admission of liability. . . . The presentation of evidence regarding that litigation, . . . would create almost certain prejudice to United, would tend to

> confuse the jury, and would, because United would have to be given an opportunity to respond to the allegations, substantially broaden this litigation resulting in the undue consumption of time on a completely collateral matter. Evidence of the New York litigation is therefore of questionable relevance under Rule 401 and properly excluded under Rule 403.

IV Solutions, Inc. v. United Healthcare Servs., Inc., No. CV 12-4887-GAF (MRWx), 2014 WL 5846805, *3 (C.D. Cal. Nov. 12, 2014)

At this juncture and given what the court knows about the evidence to be presented at trial, the court agrees with defendant that the Missouri litigation is not relevant to the issues on trial in this case and that any probative value of that evidence is substantially outweighed by the danger of unfair prejudice, would confuse the issues, and mislead the jury. Accordingly, the motion in limine is **GRANTED**.[2] However, if defendant opens the door to the admissibility of the excluded evidence, plaintiffs are permitted to ask the court to revisit this ruling. Furthermore, should plaintiffs believe any of the documents excluded by this Order to be admissible for reasons not discussed herein, plaintiffs may seek their admission on those grounds.[3] Given the

---

[2] Plaintiffs are prohibited from discussing, arguing about, or introducing any testimony or documentary evidence regarding the Missouri litigation. Defendants did not provide a list of those documents that it feels are covered by this motion. Therefore, the only documents specifically excluded by this Order are documents that arose out of the Missouri litigation or are specific to that litigation.

[3] In order to minimize disruption to the jury, plaintiffs should bring such a motion to the court's attention outside the

court's ruling, it is unnecessary to reach defendant's argument under Federal Rule of Evidence 408.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 7th day of November, 2018.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge

---

presence of the jury.