UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO: 7:14-CV-185-BR

ANNJEANETTE GILLIS, et al.,

    Plaintiffs,

v.                                                   **MEMORANDUM OPINION**
                                                      **AND ORDER**

MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

    Defendant.

Pending before the court are a number of motions. A hearing was held on October 30, 2018, during which these motions were discussed. The court's rulings follow:

1)     Defendant's motion in limine to exclude references to and evidence of Chinese ownership, exports of pork to China and other Asian nations, and racial issues (ECF No. 105) is **GRANTED**. In the related cases of McKiver v. Murphy-Brown, LLC, Civil Action No. 7:14-180-BR, McGowan v. Murphy-Brown, LLC, Civil Action No. 7:14-182-BR, and Artis v. Murphy-Brown, LLC, Civil Action No. 7:14-237-BR, the court granted similar motions. See ECF No. 102. The court granted the motion for the same reasons expressed in those earlier cases and as placed on the record at the hearing on October 30, 2018. However, as the trial progresses, should plaintiffs' counsel believe that defendant has opened the door to greater inquiry into that type of evidence, counsel should seek leave of the court for a sidebar conference so that the court may revisit its ruling;

2)     Defendant's Motion in Limine to Exclude Testimony Related to the Pickett Gravesite (ECF No. 179) is **DENIED** as moot. At the hearing on October 30, 2018, counsel for plaintiffs informed the court

        that he did not intend to offer testimony about the Pickett gravesite;

3) Defendant's Motion in Limine to Preclude Argument, Editorializing, or Testimony by Plaintiffs' Counsel While Questioning Witnesses Before the Jury (ECF No. 187) is **GRANTED.**

4) Plaintiffs' Motion to Enforce the Scheduling Order and Strike Untimely Motions in Limine and for Order Prohibiting the Filing of Additional Motions in Limine (ECF No. 189) is **DENIED.** Should defendants file any additional motions in limine, plaintiffs may ask the court that those motions be stricken;

5) Defendant's Motion in Limine to Exclude References to Other Nuisance Trials or Cases (ECF No. 190) is **GRANTED.** If counsel finds it necessary to question a witness about and/or impeach a witness with his or her prior testimony, counsel should do so in a manner that does not reference the previous trials or other cases pending before the court. Finally, should counsel feel that a witness and/or opposing counsel has opened the door to greater inquiry into testimony from a previous trial, see, e.g., ECF No. 218 at p. 4 (discussing defendant's November 5, 2018 discovery responses) counsel should seek leave of the court for a sidebar conference so that the court may revisit its ruling;

6) Defendant's Motion for a Jury Drawn from the Southern Division Jury Pool and Objection to Transfer of Venue (ECF No. 194) is **DENIED;** and

7) Defendant's Motion to Exclude Questions and Argument that Defendant Should Have Settled (ECF No. 196) is **DENIED.** Of course plaintiffs are not permitted to offer or solicit evidence excluded by Federal Rule of Evidence 408. However, the evidence sought to be excluded by defendant does not fall under that rule.

The Clerk is directed to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 9th day of November, 2018.

        ENTER:

        *David A. Faber* (signature)
        David A. Faber
        Senior United States District Judge