**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION**

CASE NO: 7:14-CV-185-BR

**ANNJEANETTE GILLIS, et al.,**

    **Plaintiffs,**

v.                                       **MEMORANDUM OPINION
AND ORDER**

**MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,**

    **Defendant.**

       Sholar Farm is a hog farm[1] located in Sampson County, North Carolina. Defendant Murphy-Brown, LLC d/b/a Smithfield Hog Production ("Murphy-Brown") owns and operates Sholar Farm. The eight plaintiffs in this case live within an approximate half mile of Sholar Farm. In this private nuisance case, plaintiffs claim that odor, flies, noise, and trucks from defendant's operation of Sholar Farm substantially and unreasonable interfere with the use and enjoyment of their properties. Murphy-Brown denies that its operations create a nuisance under North Carolina law.

       In order to prevail on their nuisance claims, plaintiffs must show a substantial and unreasonable interference with the use and enjoyment of their properties. See Broadbent v. Allison, 626 S.E.2d 758, 762 (N.C. App. 2006).

---

      [1] Specifically, Sholar is a concentrated animal feeding operation ("CAFO").

> The circumstances which are to be considered by the jury in determining whether or not defendant's conduct is unreasonable include: the surroundings and conditions under which defendant's conduct is maintained, the character of the neighborhood, the nature, utility and social value of defendant's operation, the nature, utility and social value of plaintiffs' use and enjoyment which have been invaded, the suitability of the locality for defendant's operation, the suitability of the locality for the use plaintiffs make of their property, the extent, nature and frequency of the harm to plaintiffs' interest, priority of occupation as between the parties, and other considerations arising upon the evidence. No single factor is decisive; all the circumstances in the particular case must be considered.

<u>Watts v. Pama Manufacturing Co.</u>, 124 S.E.2d 809, 814 (N.C. 1962). North Carolina's highest court has also instructed that "[t]he mere fact that an invasion of another's interest in the use and enjoyment of land is intentional does not mean that it is unreasonable." <u>Id.</u>

> Fundamentally, the unreasonableness of intentional invasion is a problem of relative values to be determined by the jury in the light of the circumstances of the case. The question is not whether a reasonable person in plaintiff's or defendant's position would regard the invasion as unreasonable, but whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider it unreasonable. Regard must be had not only for interests of the person harmed but also for the interests of the defendant, and for the interests of the community.

<u>Id.</u> (citing Restatement of the Law of Torts, Vol. 4, s. 826, Comments a. and b., pp. 241, 242). The <u>Watts</u> court goes on to say

2

that "[w]hat is reasonable in one locality and in one set of circumstances may be unreasonable in another." Id.

The parties have a fundamental disagreement regarding the meaning of the word "community" under North Carolina nuisance law and the Restatement. That disagreement serves as the basis for several of the motions in limine that are pending before the court.

The term "community" is not defined in either the Restatement or the relevant case law. "Undefined words are accorded their ordinary meaning, for which [the court] may look to a dictionary." Stark ex rel. Jacobsen v. Ford Motor Co., 723 S.E.2d 753, 759 (N.C. 2012); see also Nat'l Coal. For Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 289 (4th Cir. 1998) ("We customarily turn to dictionaries for help in determining whether a word in a statute has a plain or common meaning").

"Community" is defined as "[a] neighborhood, vicinity, or locality" and "[a] society or group of people with similar rights or interests." Black's Law Dictionary 338 (10th ed. 2014). The Merriam-Webster Dictionary defines "community" in a similar way as, among other things, "the people with common interests living in a particular area [or] the area itself." Merriam-Webster Online Dictionary, http://merriam-webster.com/dictionary/community (last visited Nov. 12, 2018).

These dictionary definitions are largely consistent with case law interpreting the meaning of the word "community" in other contexts. For example, the United States District Court for the Western District of Kentucky refused to interpret the term "community" to "extend[ ] as far as the entire state or the entire domestic economy[.]" Powell v. Tosh, CIVIL ACTION NO. 5:09-CV-00121-TBR, 2013 WL 12234610, *9 (W.D. Ky. Oct. 21, 2013) (internal citation and quotation omitted). The Powell court was interpreting the term as used in Kentucky Revised Statute § 411.550, which sets forth the factors relevant to the determination of a private nuisance. See id. Finding "no relevant authority either interpreting the meaning or extent of the term `community'" as used in the statute, the court relied on dictionary definitions to conclude that "the common meaning of the term `community,' at least in the context of Kentucky nuisance law . . . would not appear to extend so broadly as to the entire state of Kentucky or the entire United States." Id. at *9 n.6; see also Davison v. State, 288 So.2d 483, 487 (Fl. 1973) (looking to Black's Law Dictionary's definition of "community" in determining the appropriate "community" by which to evaluate whether material was obscene); cf. State v. Campbell, 656 S.E.2d 721, 726 n.3 (N.C. App. 2008) (noting that the word "`vicinity' is a relative term, synonymous with such words as `neighborhood', `community' or `locality'").

Limiting the definition of "community" as discussed above to the Sholar Farm locality or neighborhood is also supported by the language in <u>Watts</u> itself:

> The circumstances which are to be considered by the jury in determining whether or not defendant's conduct is unreasonable include: the surroundings and conditions under which defendant's conduct is maintained, the character of the **neighborhood**, the nature, utility and social value of defendant's operation, the nature, utility and social value of plaintiffs' use and enjoyment which have been invaded, the suitability of the **locality** for defendant's operation, the suitability of the **locality** for the use plaintiffs make of their property, the extent, nature and frequency of the harm to plaintiffs' interest, priority of occupation as between the parties, and other considerations arising upon the evidence. No single factor is decisive; all the circumstances in the particular case must be considered.

<u>Watts v. Pama Manufacturing Co.</u>, 124 S.E.2d 809, 814 (N.C. 1962) (emphasis added).

With this backdrop in mind, the court turns to defendant's motions in limine:

A.  *Defendant's motion in limine to exclude evidence of antibiotic use at trial. (ECF No. 98).*

In the related cases of <u>McKiver v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-180-BR, <u>McGowan v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-182-BR, and <u>Artis v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-237-BR, the court denied similar motions. For the same reasons expressed in those earlier cases, defendant's motion is **DENIED**. Plaintiffs will be permitted to offer evidence regarding antibiotic usage in this case if (1) they lay a

5

sufficient foundation to show that antibiotics were used at the Sholar Farm, and (2) they can tie that antibiotic usage to an unreasonable interference with plaintiffs' use and enjoyment of their properties. Regarding the "community interest" factor, plaintiffs are <u>not</u> permitted to offer evidence or argue regarding the effects of antibiotic usage beyond plaintiffs and the Sholar Farm community.

B.  *Defendant's motion in limine to exclude "Reptile" tactics. (ECF No. 169).*

The court is not particularly impressed with this filing. It does not set the sort of tone appropriate for attorneys practicing before this court and any arguments contained within the motion could have been made in a more professional and specific manner. For example, defendant's argument regarding plaintiffs' expansive reading of the term "community" was almost lost behind the unnecessarily inflammatory language surrounding the Reptile Theory. The motion in limine to exclude the use of "Reptile" tactics is **DENIED**. The court has no doubt that both plaintiffs and defendant will comply with the court's guidance regarding the meaning of the term "community" as expressed herein.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 13th day of November, 2018.

ENTER:  *David A. Faber*
David A. Faber
Senior United States District Judge