UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO: 7:14-CV-185-BR

ANNJEANETTE GILLIS, et al.,

      Plaintiffs,

v.                                                    **MEMORANDUM OPINION**
                                                      **AND ORDER**

MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

      Defendant.


Pending before the court are several motions.  The court's
rulings on those motions follow:

      A.      *Defendant's motion in limine to exclude evidence of*
               *lobbying or other political activities (ECF No.*
               *99).*

In the related cases of McKiver v. Murphy-Brown, LLC,

Civil Action No. 7:14-180-BR, McGowan v. Murphy-Brown, LLC, Civil

Action No. 7:14-182-BR, and Artis v. Murphy-Brown, LLC, Civil

Action No. 7:14-237-BR, the court granted similar motions as

newspaper editorial cartoons but denied the motions in all other

respects.  For the same reasons expressed in those earlier cases,

defendant's motion is **GRANTED** as to editorial cartoons but **DENIED**

in all other respects.

Defendant sought exclusion of the documents based upon the

Noerr-Pennington doctrine.  "The Noerr-Pennington doctrine derives

from the Petition Clause of the First Amendment and provides that

`those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.'" <u>Kearney v Foley & Lardner, LLP</u>, 590 F.3d 638, 643-44 (9th Cir. 2009) (quoting <u>Sosa v. DIRECTV, Inc.</u>, 437 F.3d 923, 929 (9th Cir. 2006)). Although, the doctrine emerged in the antitrust context, the Court has "held that <u>Noerr-Pennington</u> principles `apply with full force in other statutory contexts' outside antitrust." <u>Id.</u> at 644 (quoting <u>Sosa</u>, 437 F.3d at 930).

Although the <u>Noerr-Pennington</u> doctrine has been extended beyond the antitrust context, it has not been applied in the manner in which defendant seeks to do here—-bar otherwise admissible evidence in a state law private nuisance lawsuit. The <u>Noerr-Pennington</u> doctrine does not operate in this manner. As one court explained in a similar context:

> Secondarily, New GM's Eighth Motion in Limine also seeks to exclude evidence of its "lobbying" of NHTSA on the theory that such conduct is "protected under the First Amendment." (New GM's Eighth Mem. 10). More specifically, New GM contends that such conduct is off limits under the <u>Noerr-Pennington</u> doctrine, which derives its name from two antitrust decisions, <u>Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127 (1961), and <u>United Mine Workers of America v. Pennington</u>, 381 U.S. 657 (1965), but has evolved to stand for the more general proposition that "lobbying alone cannot form the basis of liability," <u>Hamilton v. Accutek</u>, 935 F. Supp. 1307, 1321 (E.D.N.Y. 1996). New GM's argument, however, fails for the same reason its <u>Buckman</u> argument failed: Under the <u>Noerr-Pennington</u> doctrine, a defendant may not be held liable based solely on conduct that is protected by the First Amendment, but that does not mean

that such conduct is altogether inadmissible or
necessarily lacking in evidentiary value.  In fact
the <u>Pennington</u> Court itself acknowledged that
"<u>[i]t would of course still be within the province
of the trial judge to admit this evidence</u>, if he
deemed it probative and not unduly prejudicial,
under the established judicial rule of evidence
that testimony of prior or subsequent
transactions, which for some reason are barred
from forming the basis for a suit, may
nevertheless be introduced if it tends reasonably
to show the purpose and character of the
particular transactions under scrutiny."
<u>Pennington</u>, 381 U.S. at 670 n.3 (emphasis added)
(internal quotation marks omitted); <u>see also
Hamilton</u>, 935 F. Supp. at 1321 ("A core principle
of the <u>Noerr-Pennington</u> doctrine is that lobbying
alone cannot form the basis of liability, <u>although
such activity may have some evidentiary value</u>."
(emphasis added)).

   At bottom, New GM's <u>Buckman</u> and <u>Noerr-
Pennington</u> arguments (and its related
arguments under Rule 403 of the Federal Rules of Evidence)
are premised on a concern that a jury could base a
finding of liability on an inappropriate
ground—either a ground that is preempted by
federal law or a ground that is protected by the
First Amendment.  In the final analysis, however,
the proper remedy for those concerns is care in
instructing the jury with respect to what it must
find in order to hold New GM liable and, if New GM
requests it, perhaps also curative instructions
making clear to the jury on what it may not base
its verdict.  <u>See</u> <u>Brady v. Wal-Mart Stores, Inc.</u>,
531 F.3d 127, 136 (2d Cir. 2008).  The proper
remedy is not exclusion of evidence that is
otherwise relevant and admissible in connection
with Plaintiff's claims.

<u>In re: General Motors LLC Ignition Switch Litig.</u>, 14-CV-8176, 14-

MD-2543 (JMF), 2015 WL 8130449, *2 (S.D.N.Y. Dec. 3, 2015).

   Based on the foregoing, it is clear that the evidence

defendant seeks to exclude is not inadmissible under the <u>Noerr-

<u>Pennington</u> doctrine.  Having reviewed much of that evidence, however, the court cannot see the relevance of a number of the documents that plaintiffs may seek to introduce at trial. Therefore, the motion in limine is denied without prejudice and defendant may seek the exclusion of those documents on grounds other than the <u>Noerr-Pennington</u> doctrine.

        B.       *Defendant's motion for reconsideration of ruling on plaintiffs' motion for partial summary judgment with regard to defendant's "Right to Farm Act Defense" (ECF No. 107).*

In the related cases of <u>McKiver v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-180-BR, <u>McGowan v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-182-BR, and <u>Artis v. Murphy-Brown, LLC</u>, Civil Action No. 7:14-237-BR, the court denied similar motions.  For the same reasons expressed in those earlier cases, defendant's motion is **DENIED.**

        C.       *Defendant's motion in limine to exclude misleading financial evidence (ECF No. 108).*

Defendant seeks to exclude the presentation of any evidence regarding its financial condition during the compensatory damages phase of this trial.  Defendant also seeks to exclude financial evidence of any entity other than Sholar Farm, including its corporate parent and grandparent.

By Order entered October 24, 2018, the court granted defendant's motion to bifurcate the issues of liability for and

the amount of compensatory damages from the issues of liability

for and amount of punitive damages.

> Compensatory damages serve a purpose different
> from that of punitive damages.  The objective of
> compensatory damages is to restore the plaintiff
> to his original condition or to make the plaintiff
> whole.  See Bowen v. Fidelity Bank, 209 N.C. 140,
> 144, 183 S.E. 266, 268 (1936) ("[C]ompensatory
> damages are allowed as indemnity to the person who
> suffers loss in satisfaction and recompense for
> the loss sustained.  The purpose of the law is to
> place the party as near as may be in the condition
> which he would have occupied had he not suffered
> the injury complained of.").

Watson v. Dixon, 532 S.E.2d 175, 177-78 (N.C. 2000).  Therefore,

"[o]rdinarily, a party's financial ability to respond in damages.

. . . is totally irrelevant to issue of liability; and the admission

of evidence tending to establish such ability is held to be

prejudicial, except in cases warranting an award of punitive

damages."  Harvel's, Inc. v. Eggleston, 150 S.E.2d 786, 790

(1966); see also Di Frega v. Pugliese, 596 S.E.2d 456, 461 (N.C.

App. 2004) (holding that trial court did not err in excluding

evidence of defendants' financial status where evidence in case

showed that punitive damages were not warranted).

Plaintiffs argue that evidence of defendant's financial

status is relevant to their case-in-chief for a number of reasons,

including defendant's ability to pay for feasible alternatives.

However, the court believes that the prejudicial nature of this

type of evidence substantially outweighs its probative value

unless and until defendant contends that it does not have the

financial ability to pay for a feasible alternative.  Therefore, with respect to the compensatory damages trial, the motion in limine is **GRANTED** to the extent that plaintiffs should not offer any financial evidence unless defendant opens the door to its introduction.  Should defendant do so, counsel should ask the court to revisit this ruling.  Furthermore, should financial evidence become admissible, the relevant financial evidence for the first trial is that pertaining to defendant, Murphy-Brown, LLC, unless plaintiffs can show that defendant has prohibited them from developing that evidence solely as to Murphy-Brown.  See, e.g., Daughtery v. Ocwen Loan Servicing, LLC, No. 16-2243, 701 F. App'x 246, 258 (4th Cir. Jul. 26, 2017) (permitting introduction of parent company's 10-K, which contained a consolidated balance sheet of parent company and its subsidiaries, as evidence of defendant's financial worth where defendant was responsible for lack of best evidence of its financial worth).

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 13th day of November, 2018.

ENTER:

David A. Faber
Senior United States District Judge