**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**

**CASE NO: 7:14-CV-185-BR**

ANNJEANETTE GILLIS, et al.,

      **Plaintiffs,**

v.

                                                           **MEMORANDUM OPINION**
                                                         **AND ORDER**

MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

      **Defendant.**

Pending before the court is defendant's motion to clarify its objections to the deposition designations of Kraig Westerbeek and exclude his videotaped testimony. (ECF No. 242). Plaintiffs have filed a response in opposition to that motion. (ECF No. 244). The court also has before it the objections to Mr. Westerbeek's deposition testimony contained in the Amended Pretrial Order. (ECF No. 198).

Plaintiffs object that the new objections are untimely.[1] Plaintiffs also argue that Westerbeek's testimony goes to the reasonableness of Murphy-Brown's actions and that, therefore, it

---

[1] The court notes that many of the new objections are not really "new" at all. Murphy-Brown merely offers additional reasons, based upon various court rulings, to exclude deposition testimony that it has already sought to exclude for the reasons expressed in the Amended Pretrial Order.

is relevant in determining whether Murphy-Brown's actions have created a private nuisance.  Specifically, plaintiffs argue:

> Moreover, Westerbeek systematically denied and disputed the contents of every study, yet could point to no studies to the contrary.  In a Rule 30(b)(6) corporate deposition, this was the official position under oath of the world's largest hog producer – that the peer-review process was meaningless and the study findings were always wrong.  And, the company took this position without making any effort to perform its own studies to refute those that were published.  This testimony goes to the issue of reasonableness.  The fact that the company kept copies of the studies historically, as they were being published, is a material fact and for the jury to consider.  Likewise, the fact that the company disputes all of them, and yet points to no publications to the contrary nor has funded any research on its own, is relevant vis-à-vis the reasonableness of its conduct.

ECF No. 244 at p.3.

By Memorandum Opinion and Order entered on November 6, 2018, the court granted defendant's motion in limine to exclude evidence of insufficiently similar studies, articles, and other acts.  See ECF No. 213.  In so doing, the court highlighted the following:

- "none of the studies or documents involve[d] the Sholar Farm or Murphy-Brown's activities in connection with that farm, or even farms that house the same number of swine, with the same waste management, barn design, land application technologies, and mortality system as the Sholar Farm."

- "none of the documents involve the same plaintiffs or individuals that are similarly situated geographically."

- "none of the articles were written within the last 10 years."

<u>Id.</u> at p.3.

Most of the studies and articles about which Westerbeek is questioned in his deposition are the same studies and articles that defendant sought to exclude in its motion.  <u>See</u> ECF No. No. 115-5.  Therefore, based upon the court's Order of November 6, 2018, these studies and/or articles are excluded and it would be improper to introduce them through Westerbeek's deposition testimony.  Furthermore, any probative value of that evidence is substantially outweighed by the danger of unfair prejudice to Murphy-Brown.  Nothing contained in Westerbeek's deposition testimony does anything to alleviate the concerns that led the court to exclude the evidence in the first place.[2]

The court also granted defendant's motions in limine to exclude evidence related to Chinese ownership and worker-related health evidence.  <u>See</u> ECF Nos. 225 and 223.  That evidence remains irrelevant to the issues in this trial and to the extent that Westerbeek's deposition testimony touches on these subjects, the court has sustained defendant's objections.

---

[2]  The court is cognizant of plaintiffs' position that defendant opened the door for the admission of these scientific studies in its opening statement.  <u>See</u> ECF No. 244 at n.5. Should plaintiffs believe that defendant does so during trial, they may bring it to the court's attention and the court may allow them to present the excluded deposition testimony during rebuttal.

Finally, the court finds that much of Westerbeek's deposition testimony should be excluded because it is not relevant to this case because respondeat superior liability and punitive damages are not at issue.

Based upon the foregoing, the motion to clarify is **GRANTED** in part and **DENIED** in part. Accordingly, the parties are permitted to play the following excerpts from Mr. Westerbeek's testimony and any objections to these designations are **OVERRULED**.

| 7:2-13 | 35:8-14 | 250:14-251:1 |
|---|---|---|
| 9:2-6 | 40:20-41:17 | 252:22-253:24 |
| 14:6-25 | 196:16-22 | 263:2-264:9 |
| 17:3-11 | 227:24-231:1 | 290:13-19 |
| 20:8-12 start with "Now" | 239:7-19 | 292:15-293:6 |
| 20:21-25 | 240:4-241:20 start with "if" | |
| 21:4-7 | 243:8-15 start with "I'm" | |
| 21:15-20 | 244:24-245:25 | |
| 25:14-16 | 247:1-10 | |

As for any designations that are not listed, the objections to their admissibility are **SUSTAINED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 19th day of November, 2018.

ENTER:

David A. Faber
Senior United States District Judge