```
             UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    SOUTHERN DIVISION

                CASE NO: 7:14-CV-185-BR
```

ANNJEANETTE GILLIS, et al.,

    Plaintiffs,

v.                                                        **MEMORANDUM OPINION**

MURPHY-BROWN, LLC d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

    Defendant.

By Order entered on October 24, 2018, the court granted defendant's motion to bifurcate the issues of liability for and the amount of compensatory damages from the issues of liability for and amount of punitive damages at trial. The reasons for that decision follow.

Plaintiffs are seeking punitive damages in this private nuisance action arising under North Carolina law. In North Carolina,

> Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.

N.C. Gen. Stat. § 1D-30. Jurisdiction in this matter is founded on diversity of citizenship. When a federal court's jurisdiction is based on diversity, it must apply state substantive law and federal procedural law. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). However, bifurcation is a "procedural matter within the sole discretion of the district court[,] . . . a district court is simply not bound by state law when deciding whether to bifurcate." Nester v. Textron, Inc., 888 F.3d 151, 163 (5th Cir. 2018); see also Greenwood Motor Lines, Inc. v. Saga Freight Logistics, LLC, 3:13-CV-529-RJC-DCK, 2015 WL 13610653, *1 (W.D.N.C. Oct. 9, 2015) ("Bifurcation is primarily procedural in nature, therefore, federal procedural law applies.").

The federal statute governing bifurcation, Rule 42(b) of the Federal Rules of Civil Procedure, provides as follows:

> *Separate Trials*. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to grant a motion to bifurcate is within the broad discretion of the court and, in deciding whether to bifurcate claims for trial, the exercise of that discretion will be set aside only if clearly abused. See Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993).

2

With respect to an award of punitive damages under North Carolina law, this court recently stated:

> The purpose of punitive damages is "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. Under North Carolina law, a plaintiff may recover punitive damages only if the defendant is liable for compensatory damages and the plaintiff proves an aggravating factor (such as fraud) by clear and convincing evidence. Id., § 1D-15; Schenk v. HNA Holdings, Inc., 170 N.C. App. 555, 559, 613 S.E.2d 503, 507 (2005). To award punitive damages against a corporation, "the officers, directors, or managers of the corporation [must have] participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." N.C. Gen. Stat. § 1D-15(c). If the jury reaches the issue of punitive damages, the jury
>
> > (1) [s]hall consider the purposes of punitive damages set forth in [N.C. Gen. Stat § ] 1D-1; and
> >
> > (2) [m]ay consider only that evidence that relates to the following:
> >
> > a. The reprehensibility of the defendant's motives and conduct.
> >
> > b. The likelihood, at the relevant time, of serious harm.
> >
> > c. The degree of the defendant's awareness of the probable consequences of its conduct.
> >
> > d. The duration of the defendant's conduct.
> >
> > e. The actual damages suffered by the [plaintiff].

3

> f. Any concealment by the defendant of the facts or consequences of its conduct.
>
> g. The existence and frequency of any similar past conduct by the defendant.
>
> h. Whether the defendant profited from the conduct.
>
> i. The defendant's ability to pay punitive damages, as evidenced by its revenues or net worth.

N.C. Gen.Stat. § 1D-35 (emphasis added). Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2011 WL 5439156, *4-5 (E.D.N.C. Nov. 8, 2011) (emphasis deleted). "As a result, a plaintiff is permitted to offer certain evidence that might otherwise be inadmissible." Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2011 WL 13234787, *2 (E.D.N.C. Oct. 31, 2011).

Notwithstanding plaintiffs' argument to the contrary, the court finds that much of the evidence that plaintiffs seek to introduce in this matter goes solely to the issue of punitive damages. Introduction of this type of evidence creates a significant risk of unfair prejudice to defendant and has the potential to confuse the issues and mislead the jury. Furthermore, punitive damages will not be awarded unless the jury finds defendant liable for compensatory damages and the presence of an aggravating factor is shown by clear and convincing evidence. See Vandevender v. Blue Ridge of Raleigh, LLC, 901 F.3d

231, 237 (4th Cir. 2018). Therefore, a defense verdict at the first trial would make a second trial unnecessary. For all these reasons and other reasons previously placed on the record, the motion to bifurcate was **GRANTED**.

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record.

**IT IS SO ORDERED** this 26th day of November, 2018.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge