IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE No. 7:14-cv-000185-BR

ANNJEANETTE GILLIS, et al.,

    Plaintiffs,

v.                            MEMORANDUM OPINION AND ORDER

MURPHY-BROWN, LLC, d/b/a
SMITHFIELD HOG PRODUCTION
DIVISION,

    Defendant.

Pending before the court is plaintiffs' Motion to Exclude Evidence Regarding Remedial Measures Implicated by Defendant's October 25, 2018 Press Release, to Strike Fourth Amended Sholar Fact Sheet, and For Sanctions. (ECF No. 221). For the reasons that follow, plaintiffs' motion is **DENIED**.

First, regarding the evidence relating to the defendant's October 25, 2018 press release, the plaintiffs argue that the alleged "subsequent remedial measures" taken by the defendant are inadmissible. Specifically, the plaintiffs argue that the defendant did not timely disclose this evidence, and thus, these recent developments constitute an unfair surprise. (See id.). The recent developments allegedly undertaken by the defendant include: (1) changes to the trucking schedule, taken into effect the end of July 2018; (2) installation of a refrigerated dead box on the Sholar Farm on approximately July 9, 2018; (3)

adoption of low trajectory land application methods on the Sholar Farm, which occurred on August 9, 2018; (4) installation of a misting system that applies "Atmospheric Odor Control V2" on all five barns on the Sholar Farm in October of 2018; and (5) Smithfield Foods, Inc.'s October 25, 2018 announcement of planned commitment to reduce greenhouse gases by 25% by 2025.

In response to the plaintiffs' motion, the defendant argues that the plaintiffs did in fact have notice of the recent changes implemented on the Sholar Farm. (See ECF No. 234 at p. 2). Regarding the defendant's change in the trucking schedule, the defendant argues that if the trucks are in fact as disruptive as the plaintiffs allege them to be, the plaintiffs would have noticed the trucks ceasing to operate during evening hours. ECF No. 234 at p. 3. Defendant offers a similar notice argument relating to their use of refrigerated dead boxes. In light of the plaintiffs' allegation that the dead boxes are "left out in the open often in plain view," the defendant argues that the plaintiffs would have seen the new refrigerated dead box. See id. Concerning Smithfield's alleged initiative of reducing greenhouse gas emissions, the defendant argues that plaintiffs had notice of Smithfield's emission reduction goals through testimonial evidence at prior trials. See id. Finally, defendant argues that, considering this court found that the relevant claim period for potential damages ends at the time of

2

the verdict, the defendant should be allowed to introduce this evidence, as these new measures were implemented even prior to the date of the trial commencing. See id. at p. 4.

Of importance here, Rule 26(e)(1)(a) of the Federal Rules of Civil Procedure provides that parties have a duty to supplement written discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" In relevant part, Rule 37 of the Federal Rules of Civil Procedure provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Thus, the language of Rule 37(c)(1) has two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is "substantially justified," and (2) when the nondisclosure is "harmless." District courts within the Fourth Circuit have made determinations of whether the failure to disclose evidence is "substantially justified" or "harmless" based upon an analysis of the following factors: (1) the level

3

of surprise to the party against whom the evidence is offered; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the explanation for the party's failure to identify the evidence before trial; and (5) the importance of the evidence. See i.e., S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (citing Burlington Ins. Co. v. Shipp, 215 F.3d 1317, 2000 WL 620307, at *4 (4th Cir. May 15, 2000) (per curiam) (unpublished table decision)).

Here, regarding the first and fourth factors, the court is persuaded by the defendant's notice argument and finds that the plaintiffs had sufficient notice of the mitigating measures taken by the defendant, and thus, the defendant's recent measures do not unfairly surprise the plaintiffs. But see, S. States Rack and Fixture, Inc., 318 F.3d at 595 (4th Cir. 2003) ("the district court concluded that `Byrnes' third expert opinion, formulated on the day trial began and not disclosed to defense counsel until defense counsel conducted *voir dire* of ... Byrnes on the third day of trial, should have been excluded.'"). Therefore, because the court finds that the defendant's recent mitigating actions are not a surprise to the plaintiffs, an analysis of the second factor is not necessary. Third, the court finds that allowing the evidence of the defendant's recent mitigating measures will not disrupt the trial. Lastly, the

4

court is persuaded by the defendant's argument within their response to the plaintiffs' motion regarding the importance of the evidence of their recent mitigating changes. Specifically, the court is persuaded by the defendant's argument that it would be unfair to allow the plaintiffs to introduce evidence of defendant's alleged wrongdoings without allowing the defendant to introduce evidence of their mitigating changes to the Sholar Farm. Additionally, the court finds that the evidence can be properly admitted under Rule 402 and 403 of the Federal Rules of Evidence, as the evidence is relevant and the probative value of the evidence outweighs any potential for prejudice.

The court finds that any error the defendant made during discovery as it relates to the recent mitigating measures discussed in this Memorandum Opinion and Order is substantially justified and is harmless. Therefore, the court concludes that sanctions against the defendant are not proper. Likewise, the court is not persuaded by the defendant's request to strike the Fourth Amended Sholar Fact Sheet.

The plaintiffs' Motion to Exclude Evidence Regarding Remedial Measures Implicated by Defendant's October 25, 2018 Press Release, to Strike Fourth Amended Sholar Fact Sheet, and For Sanctions is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 28th of November, 2018.

**ENTER:**

David A. Faber
Senior United States District Judge